FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER LAWRENCE G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:17-CV-00383-SMJ <br><br> **ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff appeals the Administrative Law Judge's ("ALJ") denial of his application for social security benefits. ECF No. 3. Plaintiff argues the ALJ erred in (1) assessing Plaintiff's claims about the severity of his symptoms and (2) weighing the opinion of Plaintiff's examining psychologist. The Commissioner of the Social Security Administration asks the Court to affirm the ALJ's decision. ECF No. 8.

After reviewing the record and relevant legal authorities, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

//

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 1

## I. BACKGROUND[1]

On February 6, 2014, Plaintiff applied for Supplemental Security Income, alleging disability beginning December 1, 2007. AR[2] 18. The Administration denied the claims initially and upon reconsideration, and Plaintiff requested a hearing. AR 18. ALJ Marie Palachuk presided over a hearing in Spokane, Washington on December 1, 2016. AR 18. The ALJ issued a decision unfavorable to Plaintiff. AR 15–28. The Appeals Council denied Plaintiff's request for review. AR 1.

## II. ALJ FINDINGS[3]

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 6, 2014. AR 20. At step two, the ALJ found Plaintiff has the following severe impairments: non-ischemic cardiomyopathy (status post repair of the ascending aorta), morbid obesity (body mass index 46), chronic obstructive pulmonary disease, and hypertension. AR 20. At step three, the ALJ found Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 23. At step four, the ALJ found Plaintiff has the residual functional

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.
[2] For ease and consistency with the parties' briefs, the Court cites to the consecutive pagination of the administrative record, which appears at ECF No. 9.
[3] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 19–20, and the Court presumes the parties are well acquainted with that standard. Accordingly, the Court does not restate the five-step process here.

capacity to perform light work with certain limitations. AR 23. Further, at step four, the ALJ found Plaintiff is unable to perform any past relevant work. AR 26. Finally, at step five, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and residual functional capacity. AR 26. Accordingly, the ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, since February 6, 2014. AR 27.

### III. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11. Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

//

//

## IV. ANALYSIS

**A. The ALJ reasonably assessed Plaintiff's claims about the severity of his symptoms.**

Plaintiff testified he has poor stamina, weakness, fatigue, and difficulty breathing, which limits his ability to walk, stand, lift, and carry. AR 49–54. Plaintiff testified that, during two periods of at least a month, he stopped taking his prescribed medications when he lost his insurance coverage. AR 53–54, 56. Plaintiff testified his symptoms worsened when he did not take his prescribed medications. AR 54. Plaintiff testified his breathing improved since he quit smoking but he still has trouble breathing with exertion. AR 50.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 24. In reviewing the record, the ALJ noted Plaintiff's condition improved with proper medication and smoking cessation. *See* AR 24.

Where a claimant presents objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged, and there is no evidence of malingering, an ALJ "must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (quoting

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 4

*Molina*, 674 F.3d at 1112). A finding that the claimant's testimony is not credible must be sufficiently specific to allow the Court to conclude the ALJ rejected it on permissible grounds and did not discredit it arbitrarily. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Plaintiff argues the ALJ erred in assessing his claims about the severity of his symptoms. ECF No. 12 at 8–11. First, Plaintiff argues the ALJ "evidently" discredited his symptom claims based on his historical failure to take his medications while overlooking his testimony that he only did so when he lost his insurance.[4] *Id.* at 10. Second, Plaintiff argues the ALJ "implied" his prior smoking habit discredited his symptom claims.[5] *Id.* at 9–10.

---

[4] The Ninth Circuit "proscribe[s] the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). But as explained above, the ALJ did not use Plaintiff's historical failure to take his medications to discredit his symptom claims. Therefore, the reason why Plaintiff previously stopped taking his medications was irrelevant and the ALJ's failure to incorporate it into her decision was not error or was harmless.

[5] It is uncertain whether the Ninth Circuit prohibits citing to a claimant's continued smoking as adversely impacting his or her credibility. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Regardless, as explained above, the ALJ did not use Plaintiff's prior smoking habit to discredit his symptom claims. Therefore, the ALJ's mere mention of the fact that Plaintiff previously smoked was not error or was harmless.

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 5

Plaintiff misreads the ALJ's decision. The ALJ made no finding on Plaintiff's credibility. *See* AR 24; *see also* Soc. Sec. Ruling 16-3p (eliminating the term "credibility" to "clarify that subjective symptom evaluation is not an examination of an individual's character"), *available at* 2017 WL 5180304, at *1. Also, the ALJ did not completely disregard Plaintiff's symptom claims but merely found they were "not entirely consistent" with the record. AR 24; *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

In reviewing the record, the ALJ noted Plaintiff's condition improved with proper medication and smoking cessation. *See* AR 24; *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (establishing it is reasonable to rely on medical evidence showing a claimant's condition improved, even when it contradicts his or her subjective complaints); *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (establishing it is permissible to consider medical evidence concerning the nature, severity, and effect of the symptoms of which a claimant complains). Ultimately, the ALJ found the record "supported . . . limitations in the residual functional capacity, but not in excess of those noted herein."[6] AR 24.

---

[6] Contrary to Plaintiff's assertion, the ALJ did not "imply[]" she was discrediting his symptom claims solely because they were unsubstantiated by medical evidence. ECF No. 12 at 9 (citing AR 24); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

In context, it is clear the ALJ used neither Plaintiff's historical failure to take his medications nor his prior smoking habit to discredit his symptom claims. Instead, the ALJ considered those past facts—which are fairly part of the record she was required to analyze—because once those past facts were removed, Plaintiff's condition improved. *See* AR 24. Plaintiff's argument would produce absurd results by prohibiting the mere mention of these topics, thereby depriving the parties and decisionmakers of the reasonable inferences to be drawn from them.

After reviewing the record, it is apparent to the Court that substantial evidence supports the ALJ's findings because the record contains enough relevant evidence to persuade a reasonable person to view Plaintiff's symptoms claims the way the ALJ did. In making her observations, the ALJ identified what parts of Plaintiff's symptom claims are not credible and what evidence undermines them. *See* AR 24. The ALJ's findings are sufficiently specific for the Court to conclude the ALJ rejected Plaintiff's symptom claims on permissible grounds and did not

---

883 (9th Cir. 2006) (prohibiting disregarding a claimant's testimony "solely because it is not substantiated affirmatively by objective medical evidence"). The ALJ's reference to "alleged medical records," while confusing, did not suggest she thought Plaintiff's symptom claims lacked any affirmative, objective support. *See* AR 24 ("In terms of the claimant's alleged medical records supplied a history of multiple conditions requiring some surgical intervention prior to the application date."). The ALJ found the record supported some limitations but Plaintiff's symptom claims were "not entirely consistent" with the record. AR 24. This finding was permissible. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

discredit them arbitrarily. The ALJ properly executed her function of reviewing the record, weighing the evidence, and resolving discrepancies and ambiguities. In sum, the ALJ gave specific, clear and convincing reasons for rejecting Plaintiff's claims about the severity of his symptoms. Therefore, the ALJ applied the proper legal standard and substantial evidence supports her decision.

**B.     The ALJ reasonably weighed the opinion of Plaintiff's examining psychologist.**

In 2014, psychologist Frank M. Rosekrans, PhD, evaluated Plaintiff for psychological and psychiatric symptoms. AR 837–44. Dr. Rosekrans diagnosed Plaintiff with anxiety disorder and somatic symptom disorder. AR 838. Dr. Rosekrans opined Plaintiff had severe limitations in his ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision"; "[c]ommunicate and perform effectively in a work setting"; and "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms." AR 839. Additionally, Dr. Rosekrans opined Plaintiff had marked limitations in his ability to "[u]nderstand, remember, and persist in tasks by following detailed instructions." AR 839. Dr. Rosekrans opined these limitations would persist throughout Plaintiff's lifetime. AR 839.

The ALJ gave Dr. Rosekrans's opinion little weight because "it is not supported by the examination findings," "the longitudinal record does not support

ORDER RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT **-** 8

[it]," and "the examination is a onetime evaluation and there are no other treatment records or diagnoses to support a persistent condition." AR 21.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (quoting *Lester*, 81 F.3d at 830). "While the opinion of a treating physician is thus entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Id.*

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (alteration in original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198).

An ALJ may reject a doctor's opinion if it is brief, conclusory, and inadequately supported by clinical findings. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). An ALJ may reject a doctor's opinion if it contradicts his or her own clinical notes or other recorded observations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Indeed, an ALJ may reject a doctor's opinion if it is internally inconsistent and inconsistent with other evidence in the record. *Morgan*, 169 F.3d at 602–03. Additionally, an ALJ may reject a doctor's opinion if he or she has not seen the patient long enough to obtain a longitudinal picture of the relevant impairments, opines on a matter not related to his or her area of specialization, and presents no support for his or her opinion on the matter. *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001).

Plaintiff argues the ALJ erred in weighing Dr. Rosekrans's uncontradicted opinion. ECF No. 12 at 11–13. As a preliminary matter, the Court notes Plaintiff is incorrect to characterize Dr. Rosekrans's opinion as uncontradicted. As the ALJ noted, nonexamining medical consultants Jan L. Lewis, PhD and Carla van Dam, PhD reviewed the record and opined Plaintiff had no greater than mild restrictions and insufficient evidence existed to establish the presence of his mental health claims. *See* AR 21–22, 95–96, 104–05. Thus, in reviewing the ALJ's decision to give Dr. Rosekrans's opinion little weight, the Court requires specific and legitimate reasons, rather than clear and convincing reasons, supported by substantial

evidence.[7]

First, Plaintiff argues the ALJ disregarded Dr. Rosekrans's statement that Plaintiff "had a slight tendency to deny problems and present himself as free of problems." AR 838; *see also* ECF No. 12 at 12. But the ALJ is not required to recite every aspect of a medical opinion. And, Plaintiff takes this statement out of context:

> [Plaintiff's Personality Assessment Inventory] was valid, although [his score on the inconsistency scale] was high; he was a little inconsistent in his answers. He had a slight tendency to deny problems and present himself as free of problems. His highest scale was Health Concerns, which is entirely reasonable since he is apparently disabled by health, heart, problems. He is coping with it well, and staying up beat and not depressed despite his condition.

AR 838.

In context, this statement does not undermine the ALJ's finding that Dr. Rosekrans's opinion "is not supported by the examination findings." AR 21. As the ALJ correctly noted, Dr. Rosekrans's own examination findings specified Plaintiff was normal in all mental health categories. *See* AR 21–22, 840–41. Namely, Plaintiff presented as normal in appearance, speech, attitude and behavior, mood, affect, thought process and content, orientation, perception, memory, fund of knowledge, concentration, and abstract thought. *See* AR 21–22, 840–41. When asked to "[l]ist all mental health symptoms that affect [Plaintiff]'s ability to work,"

---

[7] While Dr. Lewis and Dr. van Dam's opinions cannot by themselves constitute substantial evidence to justify rejecting Dr. Rosekrans's opinion, *see Revels*, 874 F.3d at 664, as discussed above, the ALJ provided other valid reasons for doing so.

Dr. Rosekrans wrote only "[h]ealth problems" and "heart problems"—an area outside his expertise as a psychologist. AR 838; *see also* AR 21; *cf.* 20 C.F.R. § 416.927(c)(5) (authorizing considering the scope of specialization when evaluating a medical opinion). Thus, the ALJ observed "it is unclear as to what [Dr. Rosekrans] relied in identifying restrictions, as the report gives no indication as to what specifically supported restrictions." AR 22; *cf.* 20 C.F.R. § 416.927(c)(3) (authorizing considering supportability by medical evidence and the quality of explanation provided when evaluating a medical opinion). The ALJ did not err in this aspect of weighing Dr. Rosekrans's opinion.

Second, Plaintiff argues the ALJ failed to explain how Plaintiff's lack of mental health complaints or treatment in other portions of the record affects the legitimacy of Dr. Rosekrans's opinion. ECF No. 12 at 12–13. But the ALJ was not required to draw this connection. It was enough for the ALJ to note, as a secondary reason for giving Dr. Rosekrans's opinion little weight, that other portions of the record did not substantiate Plaintiff's alleged mental health limitations. *See* AR 21–22; *cf.* 20 C.F.R. § 416.927(c)(4) (authorizing considering consistency with the record as a whole when evaluating a medical opinion). As the ALJ explained, Plaintiff "received no mental health diagnosis during other exams or treatments throughout the medical records, he denied anxiety or other symptoms during subsequent evaluations, and he did not seek mental health treatment throughout the

time period at issue." AR 21. Moreover, Plaintiff's "own testimony suggested a broad array of activities despite his suggested anxiety." AR 22. Notably, Plaintiff "had no communication issues at the hearing." AR 22. The ALJ did not err in this aspect of weighing Dr. Rosekrans's opinion.

Finally, Plaintiff argues the ALJ could not rely on the fact that Dr. Rosekrans's opinion was a onetime evaluation because it is only relevant to determining he was an examining psychologist and does not provide a basis for rejecting his opinion. ECF No. 12 at 13. Plaintiff is incorrect. In weighing Dr. Rosekrans's opinion, it was proper for the ALJ to consider the length, frequency, nature, and extent of his examining relationship with Plaintiff. *See* AR 21; *cf.* 20 C.F.R. § 416.927(c)(2)(i)–(ii) (authorizing considering these factors when evaluating a medical opinion). Again, the ALJ did not err.

Considering all, the ALJ provided specific and legitimate reasons for giving Dr. Rosekrans's opinion less deference. Additionally, substantial evidence supports the ALJ's reasons for doing so. The record contains enough relevant evidence to persuade a reasonable person to view Dr. Rosekrans's opinion the way the ALJ did. The ALJ's decision on this issue was rational and Plaintiff's mere disagreement with it does not mean the Court should disturb it. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (quoting *Burch v.*

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Therefore, the ALJ applied the proper legal standard and substantial evidence supports her decision.

In sum, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Plaintiff does not qualify for social security benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

3. The ALJ's decision is **AFFIRMED**.

4. The Clerk's Office is directed to **ENTER JUDGMENT** in the Commissioner's favor.

5. All pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge